Riman v. Daskal, 192 Ill. App. 603.

Plaintiff testified that in one of the interviews regarding the method of procedure to be adopted, defendant proposed that plaintiff take the suit upon a contingent fee and that he refused to do so. Defendant denied that he made any such proposition to plaintiff, but admitted that something was said by him with reference to the propriety of plaintiff contingently advancing the amount necessary to cover the expense of a trip to New York and New Jersey.

SAMUEL SHAW PARKS, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 135*—*when evidence sufficient to establish right to recover for services.* Evidence examined in action by attorney to recover for legal services, and *held* sufficient to support judgment for plaintiff.

2. EVIDENCE, § 222*—*when conversation with third person inadmissible.* Evidence of conversations between defendant and a third person out of the presence and hearing of plaintiff are inadmissible.

---

**M. A. Riman, Defendant in Error, v. David H. Daskal, Plaintiff in Error.**

**Gen. No. 20,094.  (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed with finding of fact. Opinion filed May 20, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

### Statement of the Case.

Action by M. A. Riman, plaintiff, against David H. Daskal, defendant, to recover two hundred dollars as commission for services in effecting an exchange of real estate between defendant and one Goldstein.

To reverse a judgment for plaintiff for two hundred dollars, defendant prosecutes this writ of error.

It was conceded upon the trial that plaintiff at the time of the transaction, had not procured a license to engage in the business or act in the capacity of a broker, within the city of Chicago, as provided in paragraph 192, chapter XV of the Municipal Code.

As grounds for the reversal of said judgment, it was claimed that the evidence showed that plaintiff was engaged in the business of a real estate broker when he negotiated the exchange and that the evidence showed that plaintiff, without the knowledge and consent of defendant acted as the agent of both parties.

Plaintiff admitted that he had acted in the capacity of a real estate broker in connection with a firm until March, 1913. The execution of the written contract between the parties making the exchange involved in this action was on July 26, 1913, plaintiff testified that he was first consulted by defendant as to his property in March, 1913. Witnesses for defendant testified that during the time following March, 1913, and while plaintiff was negotiating for the sale or exchange of the property of defendant, he represented himself as being engaged in the real estate business, and that he then had and distributed his business cards whereon he designated his business as ''Real Estate, Loans and Insurance,'' that plaintiff sought to effect an exchange of the property of defendant for other properties. Plaintiff denied that he had been engaged in the business of a real estate broker since March, 1913, or that he had represented himself as a real estate agent or that he had any business cards whereon he designated himself as a real estate agent, but he did

not deny that he had sought to effect an exchange of the property owned by defendant for property other than that owned by Goldstein.

JONAS O. HOOVER, for plaintiff in error.

FRANCIS J. SULLIVAN, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

BROKERS, § 28*—*when want of license defense to action for commissions.* Evidence examined in action to recover commissions for services in effecting exchange of real estate, and *held* to show that plaintiff was engaged in the business of brokerage as an occupation, without having procured a license and that therefore he was not entitled to recover.

---

## H. W. Sisson, trading as H. W. Sisson & Company, Plaintiff in Error, v. I. V. Whiting, Administrator, Defendant in Error.

### Gen. No. 20,750.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 25, 1915.

### Statement of the Case.

Action by H. W. Sisson, trading as H. W. Sisson & Company, plaintiff, against I. V. Whiting, administrator of the estate of Charles Whiting, deceased, defendant, for commissions as real estate broker in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.